# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| RYAN K. STUMPHAUZER, IN HIS CAPCITY AS COURT-APPOINTED RECEIVER FOR EAGLE SIX CONSULTANTS, INC., a Florida corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>DANIEL SCARAMELLINO, an individual,<br><br>  Defendant. | CASE NO.: 8:21-cv-2307 |

## COMPLAINT

Plaintiff, Ryan K. Stumphauzer, in his capacity as Court-Appointed Receiver (the "Receiver") for Eagle Six Consultants, Inc. ("Eagle Six"), by and through his undersigned counsel, brings this Complaint against Defendant, Daniel Scaramellino ("Scaramellino"), and in support thereof states as follow:

## PRELIMINARY ALLEGATIONS

1. On May 28, 2019, Scaramellino entered into a series of agreements with Eagle Six—including a Loan Agreement and a Secured Convertible Line of Credit—under which Scaramellino borrowed Seven Million Five Hundred Thousand Dollars ($7,500,000.00) from Eagle Six.

2. Under these agreements, Scaramellino was required to pay all accrued and unpaid interest to Eagle Six on a monthly basis, with the principal amount and all remaining interest payable to Eagle Six on the three-year anniversary of the agreements (*i.e.*, May 28, 2022).

3. For approximately 13 months, through June 30, 2020, Scaramellino made the required interest payments to Eagle Six.

4. On July 27, 2020, shortly before Scaramellino's next interest payment was due, the United States District Court for the Southern District of Florida (the "Receivership Court") appointed Ryan K. Stumphauzer as the Receiver for several companies in an enforcement action that the Securities and Exchange Commission filed against Complete Business Solutions Group, Inc. d/b/a Par Funding ("Par Funding") in Case No. 20-cv-81205, captioned *Securities and Exchange Commission v. Complete Business Solutions Group, Inc. d/b/a Par Funding, et al.* (the "Enforcement Action").

5. Although Eagle Six was not initially included as one of the receivership entities in the Enforcement Action, it is owned by the principals of Par Funding and was subsequently added as a receivership entity in an Order Granting Motion to Expand Receivership Estate.

6. Following the filing of the Enforcement Action and the appointment of the Receiver, Scaramellino has failed to make a single interest payment to Eagle Six.

7. In accordance with the terms of these agreements, Scaramellino's failure to make these required payments to Eagle Six constitutes an event of default, entitling Eagle Six to accelerate the debt and file suit to recover the full amount due.

8. The Receiver has attempted to resolve this dispute with Scaramellino. Despite numerous conversations with Scaramellino's counsel, however, the Receiver and Scaramellino have been unable to resolve this matter. As a result, the Receiver has obtained an Order from the Receivership Court permitting the Receiver to file an action against Scaramellino for the recovery of these amounts.

## THE RECEIVER'S AUTHORITY OVER EAGLE SIX

9. The Receiver is a court-appointed receiver for various entities, including Eagle Six, pursuant to various orders entered in the Enforcement Action. Specifically, on July 27, 2020, the Receivership Court entered an Order Appointing Receiver, under which it appointed the Receiver as a receiver over Par Funding and various other entities (the "Receivership Entities"). On August 13, 2020, the Receivership Court entered an Amended Order Appointing Receiver, which expanded the Receiver's role and authority over the Receivership Entities. On December 16, 2020, the Receivership Court entered an Order Granting Motion to Expand Receivership Estate, which, among other things, added Eagle Six as an additional Receivership Entity. On

February 2, 2021, the Receivership Court entered an Order that, among other things, corrected a scrivener's error in the December 16th Order to correct the name of Eagle Six. Copies of these various Orders (the "Receivership Orders) are attached as **Composite Exhibit 1**.

10. The amounts Scaramellino owes to Eagle Six—$7,500,000 in principal, plus interest, fees, and other amounts—are "property interests of the Receivership Entities," including "monies, funds, securities, credits, . . . claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the Receivership Entities own" and, therefore, constitute Receivership Property. *See* Amended Order Appointing Receiver Dated August 13, 2020, ECF No. 141, at ¶ 7(A).

11. As part of his duties under the Receivership Orders, the Receiver is authorized "to sue for and collect, recover, receive and take into possession from third parties all Receivership Property and records relevant thereto." *Id.* at ¶ 7(B).

12. When the Receivership Court appointed the Receiver, it also entered a stay of all litigation involving the Receivership Entities. *Id.* at ¶ 32.

13. On September 7, 2021, the Receivership Court entered an Order lifting the stay of litigation for claims against Daniel Scaramellino, thereby authorizing the Receiver to pursue claims on behalf of Eagle Six against Scaramellino. A copy of this Order is attached as **Exhibit 2**.

## PARTIES, JURISDICTION, AND VENUE

14. The Receiver is a citizen of Florida, domiciled in Miami-Dade County, Florida, with a principal place of business of 2 South Biscayne Boulevard, Suite 1600, Miami, Florida, 33131.

15. Eagle Six is a Florida corporation. Following the entry of the Receivership Orders, Eagle Six's principal place of business is now 2 South Biscayne Boulevard, Suite 1600, Miami, Florida, 33131.

16. Scaramellino, an individual over the age of 18, is domiciled in Morristown, New Jersey and, thus, a citizen of New Jersey. Additionally, Scaramellino is the registered agent for V&S Holdings Group, LLC, a corporation domiciled in Florida.

17. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because: (a) the amount in controversy exceeds $75,000.00, exclusive of interest and costs; and (b) there is diversity of citizenship between the parties. Specifically, the Receiver—as the court-appointed receiver for Eagle Six[1]—is a

---

[1] "It is the citizenship of the receiver, not the citizenship of the entities in receivership, that controls in determining diversity of citizenship." *Wiand v. Buhl*, 8:10-CV-75-T-17MAP, 2011 WL 6048829, at *3 (M.D. Fla. Nov. 3, 2011), report and recommendation adopted, 8:10-CIV-75-T-17-MAP, 2011 WL 6048741 (M.D. Fla. Dec. 6, 2011). In any event, Eagle Six, the receivership entity on whose behalf the Receiver brings this action, is incorporated in Florida and maintains its principal place of business in Miami, Florida and, thus, is also a citizen of Florida.

citizen of Miami-Dade, County, Florida; and Scaramellino, an individual, is a citizen of New Jersey.

18.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(3) and (c)(3) because Scaramellino consented in the Loan Agreement "to the exclusive jurisdiction of any state or federal court in the county Hillsborough, state of Florida" and is otherwise subject to the court's personal jurisdiction with respect to the civil action in question.

19.     This Court has personal jurisdiction over Scaramellino pursuant to the express agreement of the parties, as evidenced by the terms of the Loan Agreement, a true and correct copy of which is attached hereto as **Exhibit 3**, and the Secured Convertible Line of Credit Note, a true and correct copy of which is attached hereto as **Exhibit 4**.  Specifically, in each of these agreements, Scaramellino agreed that: (a) he "irrevocably consents to the exclusive jurisdiction of any state or federal court in the county of Hillsborough, state of Florida;" (b) "the venue provided above is the most convenient forum for both [Eagle Six] and [Scaramellino];" and (c) he "waives any objection to venue and any objection based on a more convenient forum." Exhibit 3 at ¶ 11; Exhibit 4 at ¶ 20.

20.     Additionally, this Court has jurisdiction over Scaramellino under Florida's long-arm statute.  Specifically, the Court has jurisdiction over Scaramellino pursuant to: (a) Fla. Stat. § 48.193(1)(a)(9) and Fla. Stat. §

685.102, because the Receiver's claim arises out of or relates to a contract containing a choice of the law of Florida and which contains a provision by which Scaramellino agreed to submit to the jurisdiction of the courts of this state; (b) Fla. Stat. § 48.193(1)(a)(7), because Scaramellino breached a contract in this state by failing to perform acts required by the contract to be performed in this state; and (c) Fla. Stat. § 48.193(2), because Scaramellino is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, and therefore subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

## COUNT I
## (Breach of Contract against Scaramellino)

21. The Receiver repeats and re-alleges each and every allegation contained in paragraphs 1 through 21 above as if fully set forth herein.

22. Eagle Six entered into the Loan Agreement and the Secured Convertible Line of Credit Note with Scaramellino on May 29, 2019, whereby Eagle Six agreed to loan Scaramellino Seven Million Five Hundred Thousand Dollars ($7,500,000.00). *See* Exhibits 3 and 4.

23. Under the terms of the Loan Agreement, Eagle Six provided Scaramellino with "a revolving . . . multi-advance loan in the maximum

principal amount of $7,500,000," and agreed to "disburse the proceeds of the Loan as set forth in the Secured Convertible Line of Credit." Exhibit 3 at ¶ 1.

24. Specifically, the Secured Convertible Line of Credit Note provided for an initial advance of Two Million Five Hundred Thousand Dollars ($2,500,000.00) to Scaramellino upon the execution of the note. Exhibit 4, ¶ 1. Thereafter, subject to certain restrictions, Scaramellino was entitled to borrow additional amounts, so long as the aggregate unpaid principal amount did not exceed the face amount of the Secured Convertible Line of Credit Note (*i.e.*, Seven Million Five Hundred Thousand Dollars ($7,500,000)). *Id*.

25. On May 28, 2019, Eagle Six sent a check to Scaramellino for Two Million Five Hundred Thousand Dollars ($2,500,000.00), which Scaramellino accepted and deposited, reflecting the initial advance under the Loan Agreement and the Secured Convertible Line of Credit Note.

26. In November 2019, Scaramellino e-mailed one of the principals of Eagle Six, Joseph LaForte (who also goes by the alias of Joe Mack) ("LaForte"), and requested that Eagle Six wire Two Million Five Hundred Thousand Dollars ($2,500,000.00) to David Chessler, on Scaramellino's behalf, as the second draw down on the Loan Agreement and Secured Convertible Line of Credit Note from Eagle Six. A copy of the e-mail from Scaramellino to LaForte is attached as **Exhibit 5**.

27. Four days later, Par Funding wired the requested Two Million Five Hundred Thousand Dollars ($2,500,000.00) to David Chessler's entity, Chessler Holdings. With this additional advance, the total principal amount Scaramellino had borrowed from Eagle Six as of that time was Five Million Dollars ($5,000,000.00).

28. On February 28, 2020, at Scaramellino's request, Eagle Six wired Scaramellino an additional One Million Dollars ($1,000,000.00), as an additional advance under the Loan Agreement and Secured Convertible Line of Credit Note. With this additional advance, the total principal amount Scaramellino had borrowed from Eagle Six as of that time was Six Million Dollars ($6,000,000.00).

29. A few days later, on March 3, 2020, at Scaramellino's request, Eagle Six wired Scaramellino an additional Five Hundred Thousand Dollars ($500,000.00) as an additional advance under the Loan Agreement and Secured Convertible Line of Credit Note. With this additional advance, the total principal amount Scaramellino had borrowed from Eagle Six as of that time was Six Million Five Hundred Thousand Dollars ($6,500,000.00).

30. Finally, on March 5, 2020, at Scaramellino's request, Eagle Six wired Scaramellino an additional One Million Dollars ($1,000,000.00) as an additional advance under the Loan Agreement and Secured Convertible Line of Credit Note. With this additional advance, the total principal amount

Scaramellino borrowed from Eagle Six as of that time was Seven Million Five Hundred Thousand Dollars ($7,500,000.00), which equaled the maximum principal amount allowable under the Loan Agreement and Secured Convertible Line of Credit Note

31. Pursuant to the terms of the Secured Convertible Line of Credit Note, Scaramellino, as the Borrower, was required to pay interest on the first of every month, beginning on June 1, 2019, at a rate of nine percent (9%) simple interest based on a 360-day year.  Exhibit 4 at ¶ 4.

32. A default, as defined by the Loan Agreement, occurs when "the Borrower shall fail to comply with any covenant contained in this Agreement or any of the other Loan Documents which, among other things, calls for the payment of money when such payment is due." Exhibit 3 at ¶ 7.

33. Beginning on June 1, 2019, and continuing through June 30, 2020, Scaramellino began making interest payments in accordance with the terms of the Loan Agreement and the Secured Convertible Line of Credit Note. A ledger reflecting the total amounts advanced to Scaramellino and the total amounts of interest paid back to Eagle Six under these agreements is attached as **Exhibit 6**.

34. After the District Court appointed the Receiver in the Enforcement Action, however, Scaramellino has failed to make a single interest payment to Eagle Six.

35. Accordingly, pursuant to the express terms of the Loan Agreement and Secured Convertible Line of Credit Note, Scaramellino is now in default.

36. Scaramellino's failure to continue to pay these interest payments in accordance with the terms of the Loan Agreement and the Secured Convertible Line of Credit Note constitutes an Event of Default and material breach of these agreements.

37. Under the terms of the Secured Convertible Line of Credit Note, upon an Event of Default: (a) "the outstanding principal balance and accrued interest hereunder together with any additional amounts payable hereunder shall be immediately due and payable without demand or notice of any kind;" (b) at Eagle Six's option, "this Note will bear interest at the Default Rate from the date of the occurrence of the Event of Default;" and (c) Eagle Six "may exercise from time to time any of the rights and remedies available under the Loan Documents or under applicable law."  Exhibit 4 at ¶ 9.

38. Eagle Six seeks interest on the outstanding balance due and owing under the Secured Convertible Line of Credit Note at the Default Rate, which is defined as three percentage points (3%) in excess of the interest rate in effect under this Note, or a total of 12 percent (12%) simple interest based on a 360-day year.  Exhibit 4 at ¶ 6.  The outstanding balance due and owing has been bearing interest at this Default Rate since August 1, 2020.

39. As a result of Scaramellino's breach, the Receiver has suffered damages in the sum of $7,500,000, which equals the total principal amount loaned by Eagle Six to Scaramellino, plus accrued interest, interest at the Default Rate, and late charges due under the terms of the Loan Agreement and Secured Convertible Line of Credit Note, attorneys' fees, and any other charges or amounts recoverable under those agreements.

WHEREFORE, Plaintiff, Ryan K. Stumphauzer, in his capacity as the Court-Appointed Receiver for Eagle Six Consultants, Inc., demands judgment against Defendant, Daniel Scaramellino, for damages in the amount of $7,500,000, which equals the total principal amount loaned by Eagle Six to Scaramellino, plus accrued interest, interest at the Default Rate, and late charges due under the terms of the Loan Agreement and Secured Convertible Line of Credit Note, attorneys' fees, costs, and such other relief as this Court deems just and proper.

Dated: September 29, 2021　　　　　Respectfully Submitted,

**STUMPHAUZER FOSLID SLOMAN ROSS & KOLAYA, PLLC**
Two South Biscayne Boulevard
Suite 1600
Miami, FL 33131
Telephone:  (305) 614-1400
Facsimile:   (305) 614-1425

By:  */s/ Timothy A. Kolaya*
　　　TIMOTHY A. KOLAYA
　　　Florida Bar No. 056140
　　　tkolaya@sfslaw.com
　　　JESSICA ALBERT
　　　Florida Bar No. 115389
　　　jalbert@sfslaw.com

*Counsel for Ryan K. Stumphauzer, in his capacity as Court-Appointed Receiver for Eagle Six Consultants, Inc.*